| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | HEARING DATE: January 20, 2021<br>HEARING TIME:   11:00 a.m. |

---------------------------------------------------------x

In re

**Phyllis M. D'Accordo,**

                             Debtor.

---------------------------------------------------------x

Case No. 20-44115 (NHL)

(Chapter 7)

**NOTICE OF MOTION**

      **PLEASE TAKE NOTICE** that upon the annexed motion and declaration, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, in the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York, **on January 20, 2021 at 11 a.m.**, or as soon thereafter as counsel can be heard, for entry of an order denying the Debtor's discharge under 11 U.S.C. § 727(a)(8) (the "Motion"), and for such other and further relief as this Court may deem just and proper.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed with the Court and served on the United States Trustee, 201 Varick Street, Suite 1006, New York, New York, 10014, Attention: Nazar Khodorovsky, Trial Attorney, so as to be received no later than seven days prior to the hearing date.  Responsive papers shall state the factual grounds and legal authorities that support the respondent's position, either in the response or in a memorandum of law.  Failure to provide this information may be grounds to strike the response or to grant the Motion by default.

Dated: West Orange, New Jersey
       December 3, 2020

                                          WILLIAM K. HARRINGTON
                                          UNITED STATES TRUSTEE, REGION 2

                                 By: */s/ Nazar Khodorovsky*
                                    Nazar Khodorovsky
                                    Trial Attorney
                                    201 Varick Street, Suite 1006
                                    Tel. No. (212) 510-0500
                                    Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re                                                              Case No. 20-44115 (NHL)

**Phyllis M. D'Accordo,**                              (Chapter 7)

                                  Debtor.
-------------------------------------------------------x

### MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER PURSUANT TO 11 U.S.C. § 727(a)(8) DENYING THE DEBTOR A DISCHARGE

TO:    THE HONORABLE NANCY HERSHEY LORD,
         UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee submits this motion for an order pursuant to 11 U.S.C. § 727(a)(8) denying the debtor Phyllis M. D'Accordo (the "Debtor") a discharge (the "Motion"). The Debtor received a discharge in a prior case commenced within eight years before the filing of the present case. The Debtor, therefore, is not entitled to a discharge in the instant case.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicate for the relief sought is 11 U.S.C. §§ 105, 707(a) and 727(a)(8).

### BACKGROUND

2.    This case was commenced with the filing of a voluntary petition under chapter 7 of the Bankruptcy Code (the "Petition") on November 27, 2020 (the "Filing Date").

3.    Alan Nisselson (the "Chapter 7 Trustee") was appointed interim trustee of the Debtor's case. The meeting of creditors pursuant to Section 341(a) in this chapter 7 case is scheduled for January 6, 2021.

4.      The instant case is not the Debtor's first chapter 7 case. The Court's ECF system shows that on July 6, 2016 (the "Previous Case Filing Date"), the Debtor filed a prior voluntary chapter 7 petition (the "July 2016 Case"). The name and case number were as follows: In re Phyllis M. D'Accordo, Case No. 16-43002 (NHL). A copy of the Court's electronic case docket report for the July 2016 Case is attached hereto as Exhibit A.

5.      The docket report for the July 2016 Case reveals that the Debtor received a discharge in the July 2016 Case on January 4, 2017. A copy of the Order of Discharge for the July 2016 Case, signed on January 4, 2017, is attached hereto as Exhibit B.

6.      This, then, is the Debtor's second chapter 7 case within the past eight years.

## ARGUMENT

Section 727(a)(8) of the Bankruptcy Code provides, in pertinent part, as follows:

(a) The Court shall grant the debtor a discharge, unless . . .

> (8) the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition.

11 U.S.C. § 727(a)(8).

The Debtor is not eligible for a discharge in the current chapter 7 case because: (a) the Debtor was granted a discharge (b) in a case commenced within 8 years prior to the date of the commencement of the Debtor's pending case (namely, in the July 2016 Case). See 11 U.S.C. § 727(a)(8).

Rule 4004(d) of the Federal Rules of Bankruptcy Procedure provides that denial of discharge under 11 U.S.C. § 727(a)(8) may be sought by motion rather than by means of an adversary proceeding. See Fed. R. Bankr. P. 4004(d). Accordingly, the Court should grant the Motion and enter an order denying the Debtor a discharge.

WHEREFORE, the United States Trustee respectfully requests entry of an order pursuant to 11 U.S.C. § 727(a)(8) denying the Debtor a discharge and granting such other and further relief as the Court may deem just and proper.

Dated: West Orange, New Jersey
        December 3, 2020

                WILLIAM K. HARRINGTON
                UNITED STATES TRUSTEE, REGION 2

                By: */s/ Nazar Khodorovsky*
                    Nazar Khodorovsky
                    Trial Attorney
                    201 Varick Street, Suite 1006
                    Tel. No. (212) 510-0500
                    Fax No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

                Case No. 20-44115 (NHL)

**Phyllis M. D'Accordo,**              (Chapter 7)

                Debtor.
-------------------------------------------------------x

### DECLARATION OF NAZAR KHODOROVSKY IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER <u>DENYING THE DEBTOR'S DISCHARGE</u>

      I am a Trial Attorney for movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"). Within his Office, I am responsible for monitoring this chapter 7 case captioned above on his behalf. I make this declaration based on personal knowledge, information, and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system. If called, I would testify to the following:

      1. This case was commenced with the filing of a voluntary petition under chapter 7 of the Bankruptcy Code on November 27, 2020 (the "Filing Date") by Kevin Zazzera, Esq. on behalf of Phyllis M. D'Accordo (the "Debtor").

      2. On July 6, 2016 (the "Prior Case Filing Date"), the Debtor filed a prior voluntary chapter 7 petition (the "July 2016 Case"). The name and case number of the July 2016 Case were as follows: <u>In re Phyllis M. D'Accordo</u>, Case No. 16-43002 (NHL).

      3. The Debtor received a discharge in the July 2016 Case on January 4, 2017.

    I declare under penalty of perjury that the information contained in this Declaration is true

and correct.

Dated: West Orange, New Jersey
        December 3, 2020

                                        */s/ Nazar Khodorovsky*
                                        NAZAR KHODOROVSKY

**EXHIBIT A**

CLOSED, MEANSNO

# U.S. Bankruptcy Court
# Eastern District of New York (Brooklyn)
# Bankruptcy Petition #: 1-16-43002-nhl

|  |  |
|---|---|
| *Assigned to:* Nancy Hershey Lord | *Date filed:* 07/06/2016 |
| Chapter 7 | *Date terminated:* 01/04/2017 |
| Voluntary | *Debtor discharged:* 01/04/2017 |
| No asset | *341 meeting:* 08/12/2016 |
|  | *Deadline for objecting to discharge:* 12/31/2016 |
|  | *Deadline for financial mgmt. course:* 10/11/2016 |

*Debtor disposition:* Standard Discharge

**Debtor**
**Phyllis M. D'Accordo**
167 Beach 144Th St
Neponsit, NY 11694-1112
QUEENS-NY
SSN / ITIN: xxx-xx-7062

represented by **Kevin Zazzera**
182 Rose Avenue
Staten Island, NY 10306
(718) 987-2700
Fax : (718) 987-7282
Email: kzazz007@yahoo.com

**Trustee**
**David J. Doyaga**
26 Court Street
Suite 1601
Brooklyn, NY 11242
(718) 488-7500
Email: david.doyaga.sr@gmail.com

represented by **David J Doyaga**
26 Court Street
Suite 1002
Brooklyn, NY 11242
(718) 488-7500
Fax : (718) 488-7505
Email: david.doyaga@verizon.net

**U.S. Trustee**
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 07/06/2016 | 1 (55 pgs) | Chapter 7 Voluntary Petition for Individuals. Fee Amount $335 Filed by Kevin B Zazzera on behalf of Phyllis M. D'Accordo (Zazzera, Kevin) (Entered: 07/06/2016) |
| 07/06/2016 | 2 (1 pg) | Certificate of Credit Counseling for Debtor Filed by Kevin B Zazzera on behalf of Phyllis M. D'Accordo (Zazzera, Kevin) (Entered: 07/06/2016) |
| 07/06/2016 | 3 (1 pg) | Pre-Petition Statement Pursuant to E.D.N.Y LBR 2017-1 Filed by Kevin B Zazzera on behalf of Phyllis M. D'Accordo (Zazzera, Kevin) (Entered: 07/06/2016) |
| 07/06/2016 |  | Meeting of Creditors Chapter 7 No Asset & Appointment of Chapter 7 Trustee, David J Doyaga, , 341(a) Meeting to be held on 08/12/2016 at 10:30 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY . Last day to oppose discharge or dischargeability is 10/11/2016 . Financial Management Certificate due by 10/11/2016 . (Entered: 07/06/2016) |
| 07/06/2016 |  | Receipt of Voluntary Petition (Chapter 7)(1-16-43002) [misc,volp7a] ( 335.00) Filing Fee. Receipt number 14537115. Fee amount 335.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/06/2016) |
| 07/07/2016 | 4 (3 pgs; 2 docs) | Deficient Filing Chapter 7 : Section 521 Incomplete Filings due by 8/22/2016. Copies of pay statements received from any employer due by 7/21/2016. Incomplete Filings due by 7/21/2016. (ads) (Entered: 07/07/2016) |

| 07/07/2016 | 5 (6 pgs; 4 docs) | Request for Notice - Meeting of Creditors Chapter 7 No Asset (ads) (Entered: 07/07/2016) |
|---|---|---|
| 07/09/2016 | 6 (3 pgs) | BNC Certificate of Mailing with Notice of Electronic Filing Notice Date 07/09/2016. (Admin.) (Entered: 07/10/2016) |
| 07/09/2016 | 7 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors Notice Date 07/09/2016. (Admin.) (Entered: 07/10/2016) |
| 07/09/2016 | 8 (3 pgs) | BNC Certificate of Mailing with Notice of Deficient Filing Notice Date 07/09/2016. (Admin.) (Entered: 07/10/2016) |
| 08/01/2016 | 9 (1 pg) | Notice of Appearance and Request for Notice Filed by Synchrony Bank c/o Recovery Management Systems Corporation. (Singh, Ramesh) (Entered: 08/01/2016) |
| 08/08/2016 | 10 (2 pgs; 2 docs) | Final Notice of Section 521 Deficiencies (ads) (Entered: 08/08/2016) |
| 08/10/2016 | 11 (2 pgs) | BNC Certificate of Mailing with Final Notice of Section 521 Deficiencies Notice Date 08/10/2016. (Admin.) (Entered: 08/11/2016) |
| 08/23/2016 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 9/9/2016 at 9:30 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (Doyaga, David) (Entered: 08/23/2016) |
| 08/30/2016 | 12 (3 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Charles Higgs on behalf of Ocwen Loan Servicing, LLC as servicer for Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 (Attachments: # 1 Certificate of Service) (Higgs, Charles) (Entered: 08/30/2016) |
| 09/27/2016 | 13 (2 pgs; 2 docs) | Notice of No Financial Management Certificate before Discharge for Debtor(s). (fincert7) (Entered: 09/27/2016) |
| 09/30/2016 | 14 (2 pgs) | BNC Certificate of Mailing with Notice of No Financial Management Certificate Notice Date 09/30/2016. (Admin.) (Entered: 10/01/2016) |
| 10/04/2016 | 15 (2 pgs) | Certificate of Debtor Education or Official Form 423 Certification About a Financial Management Course Filed for Debtor. Debtor Certificate Number: 01401NYEDE 028150879 Filed by Kevin B Zazzera on behalf of Phyllis M. D'Accordo (RE: related document(s) Judge / Trustee / 341 Meeting Assignment (Chapter 7)) (Zazzera, Kevin) (Entered: 10/04/2016) |
| 10/06/2016 | 16 (1 pg) | Notice of Proposed Stipulation to Extend Time to Object to the Debtor's Discharge/Dischargeability until 12/31/2016 Filed by David J Doyaga on behalf of David J Doyaga (Doyaga, David) (Entered: 10/06/2016) |
| 10/07/2016 | | Statement Adjourning 341(a) Meeting of Creditors. 341(a) Meeting Adjourned to 10/14/2016 at 9:30 AM at Room 2579, 271-C Cadman Plaza East, Brooklyn, NY. (Doyaga, David) (Entered: 10/07/2016) |
| 10/10/2016 | 17 (1 pg) | Notice of Appearance and Request for Notice Filed by Jonathan B Nelson on behalf of U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-MX1 (Nelson, Jonathan) (Entered: 10/10/2016) |
| 10/10/2016 | 18 (2 pgs) | Affidavit/Certificate of Service Filed by Jonathan B Nelson on behalf of U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-MX1 (RE: related document(s)17 Notice of Appearance filed by Creditor U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-MX1) (Nelson, Jonathan) (Entered: 10/10/2016) |

| | | |
|---|---|---|
| 10/11/2016 | [19](#) (1 pg) | Order Extending Trustee's Time to Object to Discharge and Extending Time for Trustee to Object to Claimed Exemptions (RE: related document(s)[16](#)). Signed on 10/11/2016. Last day to oppose discharge or dischargeability is 12/31/2016. (ads) (Entered: 10/12/2016) |
| 10/27/2016 | | Chapter 7 Trustee's Report of No Distribution: I, David J Doyaga, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 1684128.00, Assets Exempt: $ 165572.00, Claims Scheduled: $ 1760754.78, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1760754.78. (Doyaga, David) (Entered: 10/27/2016) |
| 01/04/2017 | [20](#) (3 pgs; 2 docs) | Order Discharging Debtor and Final Decree Chapter 7; Copy to Trustee, US Trustee. Signed on 01/04/2017 (ch7close). (Entered: 01/04/2017) |
| 01/04/2017 | | Bankruptcy Case Closed (ch7close) (Entered: 01/04/2017) |
| 01/06/2017 | [21](#) (3 pgs) | BNC Certificate of Mailing with Chapter 7 Discharge and Chapter 7 Final Decree Notice Date 01/06/2017. (Admin.) (Entered: 01/07/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/03/2020 09:27:49 | | | |
| **PACER Login:** | du4739du4739:3127503:4299065 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1-16-43002-nhl Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**EXHIBIT B**

| | | | |
|---|---|---|---|
| **Information to identify the case:** | | | |
| Debtor 1 | **Phyllis M. D'Accordo** | | Social Security number or ITIN  **xxx–xx–7062** |
| | First Name   Middle Name   Last Name | | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN  _ _ _ _ |
| | | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of New York 271–C Cadman Plaza East, Suite 1595 Brooklyn, NY 11201–1800 | | | |
| Case number: | **1–16–43002–nhl** | | Chapter:  **7** |

# Order of Discharge and Final Decree

**Revised: 12/15**

**IT IS ORDERED:**

A discharge under 11 U.S.C. § 727 is granted to:

    Phyllis M. D'Accordo

**IT IS FURTHER ORDERED**:

- David J Doyaga (Trustee) is discharged as trustee of the estate of the above–named debtor(s) and the bond is cancelled.
- The Chapter 7 case of the above–named debtor(s) is closed.

                                                     **BY THE COURT**

Dated: January 4, 2017                      s/ Nancy Hershey Lord
                                                       United States Bankruptcy Judge

                       **SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# Notice Recipients

District/Off: 0207−1          User: admin          Date Created: 01/04/2017
Case: 1−16−43002−nhl          Form ID: 318DF7      Total: 15

**Recipients of Notice of Electronic Filing:**
aty          Kevin B Zazzera          kzazz007@yahoo.com

                                                                                    TOTAL: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Phyllis M. D'Accordo          167 Beach 144Th St          Neponsit, NY 11694−1112
tr          David J Doyaga          26 Court Street          Suite 1002          Brooklyn, NY 11242
aty         David J Doyaga          26 Court Street          Suite 1002          Brooklyn, NY 11242
smg         NYS Department of Taxation & Finance          Bankruptcy Unit          PO Box 5300          Albany, NY 12205
smg         NYC Department of Finance          345 Adams Street          Office of Legal Affairs          Brooklyn, NY 11201−3719
smg         NYS Unemployment Insurance          Attn: Insolvency Unit          Bldg. #12, Room 256          Albany, NY 12240
smg         Office of the United States Trustee          Eastern District of NY (Brooklyn Office)          U.S. Federal Office Building          201 Varick Street, Suite 1006          New York, NY 10014
8832933     New York City Water Board          Andrew Rettig          Assistant Counsel          59−17 Junction Boulevard          Elmhurst, NY 11373−5108
8863972     Ocwen Financial c/o McCabe, Weisberg & Conway, P.C          1661 Worthington Road, Suite 100          P.O. Box 24737          West Palm Beach FL 33409
8831242     Ocwen Loan Servicing L          12650 Ingenuity Dr          Orlando, FL 32826−2703
8831243     Ocwen Loan Sevicing LLC          Attn: Research Dept          1661 Worthington Rd Ste 100          West Palm Beach, FL 33409−6493
8847617     Synchrony Bank          c/o Recovery Management Systems Corp.          25 S.E. 2nd Avenue, Suite 1120          Miami, FL 33131−1605
8890609     U.S. Bank National Association, as Trustee for the          Dorf & Nelson LLP          555 Theodore Fremd Avenue          Rye, NY 10580
8831244     US Bank National Associatio          c/o Dorf & Nelson, LLP          555 Theodore Fremd Ave          Rye, NY 10580−1451

                                                                                    TOTAL: 14